FILED

THE UNITED STATE DISTRICT COURT    2019 MAY -3   AM II: 43
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION          CLERK, US DISTRICT COURT
                              MIDDLE DISTRICT OF FLORIDA
                              JACKSONVILLE DISTRICT

ERIC ALEXIS RANDALL
            PLAINTIFF,

VS                                    CASE NO; 3:19-CV153-J-34PDB

BARBER AND ASSOCIATES ROOFING INC.,
JOHN W. BARBER, III (President)
JOHN W.BARBER, JR. (Vice President)

            DEFENDANT(S),
_____/

## AMENDED COMPLAINT

COME NOW, the Plaintiff, Eric A. Randall, sues the above named company Barber And Associates Roofing Inc.,and the owners in violation of 42 U.S.C. section 1981, which Prohibit Race Discrimination and Retaliation. John W. Barber, III (president), (hereinafter referred to as Defendant), John W. Barber Jr. (vice President), (hereinafter referred to as Defendant) and alleged as follows;

### PARTIES

1.Plaintiff is a resident of Duval County, Jacksonville Florida, hire by John W. Barber III (Defendant) on or about 2011.

2. At all times material to this cause the Defendant(s) own and employed employees and is a corporation licensed to do business in the State of Florida, and, in fact, doing business in the county in which this suit has been filed and sues by virtue of Barber and Associates Inc., of names John W. Barber III, and John W. Barber Jr.

3. At all time(s) material to this cause, Defendant President was and is over the age of 18 years, a natural person residing in the country in which this suit has been filed, and otherwise sui juris.

4. Defendant president is concealing his/her whereabouts, and jurisdiction is proper under Florida Statute 48.193, service of process may be made through the Florida Secretary of State pursuant to Florida Statute 48.161.

5. Plaintiff a Black African American bring forth this action to vindicate his legal rights, and to stop Barber And Associates Inc., from repeating these practice(s) against other Black African American employers or prospective employees now, and in the future.

## JURISDICTION AND VENUE

This Court has Jurisdiction under 42 U.S.C.A Section 1981, that such prohibitions is unlawful under the color of our Federal Laws to protect the civil liberties of it's citizens.

## WRONGFUL TERMINATION

6. Plaintiff states that on or about April 20, 2018, John Soto, Service Manager acted outside in his personal capacity employed with Barber And Associates Roofing Inc., Terminated Plaintiff a Foreman for taking an extended lunch within work hours, while on the Job site.

7. Plaintiff states that on 4-19-2018, (he) Plaintiff was under scrutiny while Caucasian employees were not reprimanded for similar conduct. In addition to management subjecting the African American supervisor to heightened and unfair scrutiny.

8. Plaintiff states that on or about April 20, 2018, John Soto, Service Manager acted outside his personal capacity employed with Barber and Associates Roofing Inc., Terminated Plaintiff a Foreman for communicating with a Caucasian subordinate.

9. Plaintiff states that on or about April 20, 2018, John Soto, Service Manager acted outside his personal capacity employed with Barber and Associates Inc., Terminated Plaintiff a Foreman base on being reprimanded for substandard work quality without any written log or confirmation to plaintiff.

10. Plaintiff states that on or about April 20, 2018, John Soto, Service Manager acted outside his personal capacity employed with Barber and Associates Inc., Terminated Plaintiff a Foreman base on insubordination to his Supervisor, based upon Plaintiff's statement "John you know you are applying a double standard"

11. Plaintiff States that on or about April 20, 2018, (he) Plaintiff conformed to all employment policy of Barber and Associates, Inc.

12. Plaintiff states that he was subjected to perferential treatment, (a) because Plaintiff is black, retaliation (b) because plaintiff complained of the assault and the malicious acts by Barber and Associates Inc., by an employee that was known to the Defendant's on 4-20-2018.

## RACE DISCRIMINATION

13. Plaintiff states around 03-20-17, while in the office accompanied Kenneth Fadness, Robert Bruder, Zachary Richardson, and Todd Andy Smith. John Soto, service manager was conducting an AM meeting before dispatching the assignments.

14. Plaintiff states that John Soto, was irate concerning Plaintiff not leaving a call message with a General Contractor at a Job. John Soto, dismiss all the Caucasian from the office to speak with plaintiff an African American(Black). When the door was Closed Plaintiff was threaten with being fired or place in production, vulgar (expletives) language was use and a racial derogatory phrase.

15. Plaintiff states when he showed John Soto, that he had made the call and left a voice message with the GC, and requested an apology. John Soto, stated "Boy be quite and just do your Job" Plaintiff placed the phone on John's desk and Stated "I did my Job. John, I am 47 years old and sighted."

16. Plaintiff states John Soto, gave the most intimidating stare, Plaintiff look away, through plaintiff peripheral vision, John Soto, pick the phone up and threw it striking plaintiff offensively,(ASSAULT) suddenly, a knock was at the door. An Employee inquired to John about work, because the employee had arrived late. John Soto, instructed Plaintiff to go to work.

17. Plaintiff states his mental condition was disoriented and Plaintiff was in fear haven't given no reasonable cause to be attacked without consent or racially degraded.

18. Plaintiff states he park the vehicle on the company premises and call to speak with the Owner/President John W. Barber III, Plaintiff was told by the HR Dianna Hodges, that Defendant was in a meeting.

19. Plaintiff received several text messages and Phone calls to the company phone# (904) 239- 1549 from John Soto, admitting wrong doing. (ASSAULT)

20. Plaintiff states immediately an Email was sent to John W. Barber III, (defendant) and Brad Denny (Vice President) Around 03-20-2017, requesting an emergency meeting.

21. Plaintiff states around 03-24-2018, John Soto, and Brad Denny stated Defendant John W. Barber III, would not be attending the meeting.

22. Plaintiff stated to Brad Denny, had (he) Plaintiff pick a phone up and struck John Soto with it (he) Plaintiff would have been fired. Brad stated "I personally would have not fire you, because you are an asset to the company and you are an outstanding person. We not going to fire John he is our Service Manager."

23. Plaintiff questioned John Soto, as to his reasoning striking Plaintiff with the phone is it because (he) plaintiff is "black", immediately John Soto, said No. Explaining that it was wrong

and he don't know what got into (him) John Soto. Stating "I respect you (Plaintiff) like a brother and a friend."

24. Plaintiff stated that since they could not fire John Soto, Plaintiff requested that the incident be put in writing.  Brad stipulated John Soto, would have to write the incident up on his self. It was suggested it would be did at a later date. Barber and Associates Inc., Policy Handbook was not followed.

25. Plaintiff spoke with the HR Dianna Hodges around March concerning the incident about John Soto, and HR Dianna Hodges Stated "she had heard of the incident and was highly disturb." facts known to Plaintiff.

26. Plaintiff States HR Dianna Hodges, Stated "John Soto, will have to write an incident report on his self it's unlikely John will do that. Eric, I just don't know what to tell you buddy. I'm sorry" facts known by Plaintiff.

27. Plaintiff states he was in a dilemma, fear of retaliation, lost of wages, insurance benefits or work under intimidation and embarrassment facts known by plaintiff.

28. Plaintiff continued to work to financial support his family under the gist of a Hostile environment facts known by plaintiff.

29. Plaintiff states that the Defendant's acted negligently and willfully that violated Barber and Associates Inc., Policy.

30. Plaintiff states it is protocol to Report all incidents to the above Defendant's that hired John Soto, an employee of Barber and Associates Inc., which is owned by Defendant's.

31. Plaintiff states Defendants knew plaintiffs was working under duress, emotional distress and intimidation and allowed these functions to continue without cause of action.

## DENIED PROMOTIONAL ADVANCEMENT

32. Plaintiff states around June 2017, Plaintiff (Black) inquired to John Soto, Service Manager, concerning an opening as inspector for the company.

33.  John Soto stated "I don't think (aka Trip) Defendant will pay for you to take the Haag Examination and you fail it, you talking thousands of dollars."

34. Plaintiff  States Todd Smith, (Caucasian) Around October 2017, was given the opportunity to take the Haag Examination  that was paid for by Defendant, John W. Barber III (aka Trip)

35. Plaintiff states around September of 2017, John Soto, spoke with Plaintiff about who Plaintiff think would be qualified to assist in management and who he (John) was considering between Kelvin Quick (Caucasian)and Kenneth Fadness(Caucasian).

36. Plaintiff inquired to John as to what the management position entail and would like the opportunity John Soto, replied Plaintiff was needed more in the field.

37. Plaintiff states John Soto, did not act in his personal capacity when discriminating against Plaintiff denying Plaintiff promotional advancement to assist other African American employees in the company growth and development. (Service Department)

38. Plaintiff states that his qualifications was higher, and experienced in commercial Roofing than the candidate elected for the job description on or about 4-2017.

## JOB RE-ASSIGNMENT

39. Plaintiff states that his job description change around April 2017, Plaintiff was given more strenuous, and tedious work.

40. Plaintiff states that the Job task given subjected Plaintiff to sit in meetings with the general contractors, engineers, emails, STA's, and reporting back to John Soto, service manager.

41. Plaintiff states that around June of 2017, managing the scope of work, installing the roof systems, and organizing the materials was tedious with inexperienced workers.

42. Plaintiff states a complaint was made around December 2017, for experience workers concerning the Property "Pelican Point Condominiums", John Soto, Replied " get the job done, if you need labors we will get some, but you got to teach the guys, that's your job. Stop complaining"

43. Plaintiff's states that John Soto, begin verbally reprimanding Plaintiff on unfair performances review, micromanaging everything Plaintiff did, and suddenly exclusion from staff meeting on a project plaintiff was working on in January 2018, re-assigned to ( Kelvin Quick)Employee.

44. Plaintiff states John Soto, assigned Kelvin Quick in January 2018, without Plaintiff knowledge to review Plaintiff work activities and report back to John Soto, service manager.

45. Plaintiff States that John Soto undermined the integrity of Barber and Associates Inc., with tactical decision causing conflict of interest between Employees.

46. Plaintiff States that John Soto, acted outside his personal capacity as a service manager causing plaintiff to suffer emotional distress, and mental anguish.

47. Plaintiff states that the Defendants acted negligently, and willfully as the overseer of Barber and Associates Inc., Employees and policies.

48. Plaintiff states that the Defendants knew or should have known of John Soto's action that violated their policy and laws of the State of Florida. (Florida Statute )

49. Plaintiff states that his cause of action is premise on the Defendant's willfully intent, and negligence that harm rendered substantially violated federal employment laws.

50. Plaintiff states that Barber and Associates Inc., is a business incorporation under the Defendant's as their legal entity to hire and employ sole responsibility to govern each individual employed.

51. Defendant's John W. Barber III, and John W. Barber Jr., of Barber and Associate Inc. Owners, willfully cause harm to Plaintiff on 4-20-2018, by loss of income, including past and future compensation and other benefits sponsored by Defendant's.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for judgment against Barber and Associates Inc., and it's owners as follows:

(a) For a jury hear and decide all of the facts.
(b) For all money judgment compensating Plaintiff for all damages as the result of Defendant's discriminatory,hostile work environment and retaliation.
(c) For a money judgment awarding Plaintiff punitive damages in an amount $365.000.00
(d) For the money judgment awarding Plaintiff all damages allowed for Defendant's willful negligence cause of mental anguish in an amount $400.000.00
(e) For a money judgment awarding plaintiff the cost of his suit, including an award of reasonable fees.
(f) For further relief that this Honorable Court deems just and proper.

Respectfully submitted this 3rd day of May 2019.

By; RANDALL, ERIC A
PRO-SE
7744 Barry Dr. East
JACKSONVILLE FLORIDA
32208